UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHN O. STUDY,                )
                              )
        Plaintiff,            )
    v.                        )   No. 1:10-cv-0153-WTL-DML
                              )
UNITED STATES OF AMERICA, et al., )
                              )
        Defendants.           )

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the action brought by John Study ("Study") must be **dismissed**.

**I.**

**A.**

Study is a "prisoner" as defined by 28 U.S.C. § 1915(h). "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

**B.**

A brief journey back in time is required in order to understand Study's complaint. Study was convicted and sentenced by this court on January 18, 1984, under the Federal Youth Corrections Act based on his plea of guilty to possession of stolen goods. This prosecution and conviction occurred in No. IP 83-CR-50 ("the 1984 conviction"). Study thereafter filed a civil rights action, No. 1:91-cv-685-SEB-JMS, challenging aspects of his arrests, prosecutions, etc. ("the 1991 case"). The 1991 case was resolved through the entry of judgment against Study. *See Study v. United States*, 782 F.Supp. 1293 (S.D.Ind. 1991).

We return to the present, when on February 4, 2010, Study filed his "petition for extraordinary relief," which is referred to in this Entry as the complaint. Through the complaint, an omitting reference to the 1984 conviction, Study seeks: 1) the appointment of a special master; 2) the entry of summary judgment in the 1991 case in favor of defendant Mike Kendall be set aside; 3) the reopening of the 1991 case; and 4) leave to file an amended complaint in the 1991 case.[1]

**C.**

The 1991 case is long since final. There was no appeal from the disposition granting the various defendants' dispositive motions and there was no post-judgment activity of a substantive nature. It would ordinarily be thought, therefore, that the 1991 case was beyond challenge.

"Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, *see United States v. Beggerly,* 524 U.S. 38, 46 (1998), Rule 60 (d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.,* 194 Fed.Appx. 328, 334 (6th Cir. 2006). Specifically, "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or to set aside a judgment for fraud upon the court." Fed.R.Civ.P. 60(d).

The type of fraud necessary to sustain an independent action attacking the finality of a judgment under Rule 60(d) "is narrower in scope than that which is sufficient for relief" under Rule 60(b). *Gleason v. Jandrucko,* 860 F.2d 556, 558 (2d Cir. 1988) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244-46 (1944)). "Fraud upon the court" under Rule 60(d) embraces only " . . . fraud which does or attempts to, defile the court itself . . . so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Travelers*

---

[1] Based on the content of Study's report filed on March 9, 2010, the court determined in its Entry of March 18, 2010, that the present action does not challenge the 1984 conviction.

*Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985) (quotation omitted). "Fraud on the court" is a claim that exists to protect the integrity of the judicial process, and therefore a claim for fraud on the court cannot be time-barred. *See* 12 James Wm. Moore et al., **Moore's Federal Practice** § 60.21[4][g] & n. 52 (3d ed. 2009) (citing *Lockwood v. Bowles,* 46 F.R.D. 625, 634 (D.D.C. 1969)).

The essential elements of an independent Rule 60(d) action are recited in *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 79 (5th Cir. 1970):

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

Relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn,* 476 F.2d 182, 184 (6th Cir. 1973). Independent actions for relief under Rule 60(d) "must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *United States v. Beggerly,* 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944)).

Although the requirements for a successful claim of fraud on the court elude precise definition, several guiding principles emerge from the case law. First, the fraud must be egregious. "'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to [ ] subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Synanon Church v. United States,* 579 F.Supp. 967, 974 (D.D.C. 1984) (quoting 7 Moore Et Al., **FEDERAL PRACTICE** ¶ 60.33 (1995)); *see also England v. Doyle,* 281 F.2d 304, 309 (9th Cir.1960) (fraud on the court requires "an unconscionable plan or scheme which is designed to improperly influence the court in its decision") (citing *Hazel-Atlas,* 322 U.S. 238). An "indispensable" element is that the fraud "prevented a party from presenting his case." *George P. Reintjes Co. v. Riley Stoker Corp.,* 71 F.3d 44, 48 (1st Cir. 1995) (citing *Chicago, R.I. & P. Ry. v. Callicotte,* 267 F. 799, 810 (8th Cir. 1920)).

### D.

In describing the claims in the 1991 case, Judge Noland explained: "The theme of both the complaint and the emergency motion is that the present (and recently concluded) prosecutions are the result of personal vindictiveness on the part of the plaintiff's federal parole officer, defendant Mike Kendall." *Study,* 782 F.Supp. at 1296. This theme likewise pervades the present action, such that the "fraud" Study attributes to Mr. Kendall is the linchpin of the claim that relief pursuant to Rule 60(d) should be awarded. He castigates

Kendall's actions as having altered, mutilated and destroyed documents, as having made entries in the chronological log, and as having misrepresented certain information to the Parole Commission. Study also disparages Kendall's "state of mind" as Study portrays it. However, Judge Noland carefully addressed the claim against Kendall:

> The plaintiff was convicted and sentenced by this Court on January 18, 1984 under the Federal Youth Corrections Act based on his plea of guilty to possession of stolen goods. The plaintiff's parole was not terminated early and the Parole Commission did not issue a set-aside certificate pursuant to 18 U.S.C. § 4211.
>
> Ultimately a parole violator warrant was issued for him based on the recommendation of federal probation officer Michael Kendall. Mr. Kendall also supervised the plaintiff for a period of his parole and both during and after that time "shared" information concerning his YCA conviction (which had not and has not been set aside) with local law enforcement agencies in Indiana. Kendall's affidavit, which the plaintiff has not disputed or challenged, that he acted solely within the scope of his office and the actions he took were not motivated by personal ill-will.

*Study,* 782 F.Supp. at 1298. (emphasis added).

Study's allegations in this action do not show a viable claim for relief under Rule 60(d). To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 129 S. Ct. 1938, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555 & 557). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1948.

Rule 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949 (internal citations and quotations omitted). A pleading is insufficient if it offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly,* 550 U.S. at 555). Further, a complaint "will not do . . . if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

Study's complaint offers the language of the relief he seeks–the existence of a fraud upon the court–but offers nothing to make that claim facially plausible. His labels and conclusions do not constitute, and are not supported by, factual content that allows the court to draw the reasonable inference that Kendall is responsible for any misconduct

remotely approaching the high standard required by Rule 60(d). *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) ("only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court")(*quoting Weese v Schukman,* 98 F.3d 542, 552-53 (10th Cir. 1996) (quoting *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978)); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir. 1999). In considering the record of this case, the court is unaware of any facts rising to the level of bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated. Study's complaint lacks the factual content to support a different conclusion, and it is not the function of an independent action to relitigate issues finally determined in another action between the same parties or to ask the court to change its mind. 11 Charles Alan Wright & Arthur R. Miller, **FEDERAL PRACTICE AND PROCEDURE** § 2868 at 398 (2d ed. 1995 & Supp. 2008).

## II.

An independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). For the reasons explained in Part I.C. of this Entry, Study's complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Study's request for a stay in his request and notice of information (dkt 26) so that he can further investigate and document his claims is **denied**.

Judgment dismissing the action shall now issue.

**IT IS SO ORDERED.**

Date: 05/07/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana