**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


JOHN O. STUDY,             )
                                )
           Plaintiff,       )
                                )     No. 1:10-cv-0153-WTL-DML
      v.                   )
                                )
UNITED STATES OF AMERICA, et al., )
                                )
          Defendants.    )


**E N T R Y**

      Judgment dismissing this action was entered on the clerk's docket on May 10, 2010. This was followed, insofar as relevant at present, with the plaintiff's emergency motion filed on May 28, 2010.

      The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the plaintiff's emergency motion relative to the entry of final judgment, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

      The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). Here, the plaintiff does not identify newly discovered evidence and does not suggest that there

has been an intervening change in the law. He states, instead, that the court erred by submitting the action to the screening requirement of 28 U.S.C. § 1915A(b). This position is entirely unsupportable, however, because based on the nature of the plaintiff's claims and the relief he sought, together with a pre-screening clarification from the plaintiff himself, the complaint was properly screened. That screening, moreover, properly resulted in the dismissal of the action. There was no error in the recognition or disposition of the claims in this action or in the nature of the action itself. The plaintiff's emergency motion (dkt 35), treated as a motion to alter or amend judgment, is **denied.**

      **IT IS SO ORDERED.**

Date: _06/02/2010_____

                                    Hon. William T. Lawrence, Judge
                                    United States District Court
                                    Southern District of Indiana

Distribution:

John O. Study
No. 130440
Walton Correctional Institution
691 Institution Road
Defuniak Springs, FL 32433-1850